PER CURIAM.
We review a summary judgment entered in favor of the appellee, seller of a medical practice to the buyers, Dr. Nielsen and his professional association (the Nielsen P.A.). The Nielsen P.A. filed a suggestion of bankruptcy and this court has stayed these proceedings as to it. The issue we must resolve is whether Dr. Nielsen is personally liable for the balance due pursuant to the acceleration provision of the promissory note. We affirm in part and reverse in part.
On August 31, 1987, Dr. Nielsen and the Nielsen P.A. bought the appellee’s ophthalmology practice. Dr. Nielsen signed the agreement for sale, which contained an installment payment plan, in both his corporate and individual capacities. The plain language of the agreement for sale provides that all its representations and exec-utory terms would survive the closing. On the other hand, the promissory note, signed a short time after the agreement, was signed by Dr. Nielsen only in his corporate capacity, president of the Nielsen P.A. The note, unlike the agreement for sale, contained an acceleration clause in the event of default. Dr. Nielsen and the Nielsen P.A. defaulted on the installment payments. The appellee sued the Nielsen P.A. on the note (Count I) and sued Dr. Nielsen as well as the Nielsen P.A. on the sales agreement (Count II). On cross motions for summary judgment, the trial court denied the appellants’ motion and granted the appellee’s, finding that, due to the specific language in the agreement for sale, “the promissory note does not supercede [sic] the payments provisions of the contract [agreement for sale] nor does the note merge with the contract.” Accordingly, the appellant remained individually liable for the monies owed under the agreement for sale. The trial court also found that the full contract price was owed, and, therefore, gave effect to the acceleration clause of the note against the appellant individually. In a separate order, the trial court awarded the appellee attorney’s fees and costs.
We find, in accord with the trial court, that there was no need to go behind the plain language of the documents because there is no ambiguity on the face of the documents. See Summit Consulting, Inc. v. J.J. Walsh Construction, Inc., 568 So.2d 1290 (Fla. 2d DCA 1990). On the face of the agreement for sale, Dr. Nielsen agreed to be held individually liable for the purchase payments. However, on the face of the promissory note, Dr. Nielsen did not agree to be individually liable for any part of the note, including being subject to the acceleration provisions in the event of default. The trial court, therefore, erred only in ordering that Dr. Nielsen personally pay the accelerated amount of the agreement in full. Under the same analysis, the award of attorney’s fees based on the fee provision in the agreement for sale was proper.
We affirm that part of the summary judgment as it relates to Dr. Nielsen’s personal liability for amounts due uhder the terms of the agreement for sale. We reverse that part of the order which accelerated the payments under the terms of the note against Dr. Nielsen individually. We also affirm the order granting attorney’s fees and costs as it relates to Dr. Nielsen personally and remand for further proceedings consistent with this opinion.
SCHEB, A.C.J., and DANAHY and ALTENBERND, JJ., concur.